64 F.3d 470
 95 Cal. Daily Op. Serv. 6388, 95 Daily Journal
D.A.R. 10,926
John A. ZIEGLER, Plaintiff-Appellant,
v.
INDIAN RIVER COUNTY; R.T. Dobeck, individually and as
Sheriff, Indian River County; Mark Gibbons, individually
and as Sergeant of the Indian River County Sheriff's Office;
Riverfront Groves, Inc.; Daniel Richey; and Does I
through X, inclusive, Defendants-Appellees.
 No. 93-17310.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 13, 1995.
Decided Aug. 14, 1995.
 
 Charles Bourdon, Bourdon & Reisman, San Francisco, CA, for plaintiff-appellant.
 Lyman H. Reynolds, Jr., Roberts & Reynolds, West Palm Beach, FL, for defendant-appellee Indian River County.
 Julius F. Parker, Jr., Parker, Skelding, Labasky & Corry, Tallahassee, FL, for defendants-appellees Tim Dobeck and Mark Gibbons.
 Daniel T. Bernhard, Pettit & Martin, San Francisco, CA, for defendants-appellees Riverfront Groves, Inc. and Daniel Richey.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, FARRIS, and KLEINFELD, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 We must decide whether the nonresident defendants had sufficient minimum contacts with California to subject them to specific jurisdiction there.
 
 I.
 
 2
 Ziegler was the Chief Executive Officer of Justin International, a San Francisco-based domestic fruit brokerage firm. Riverfront Groves, Inc. grows and packs citrus fruit in Florida.
 
 
 3
 Justin International purchased large quantities of citrus from Riverfront Groves on a regular basis for approximately fourteen years. Fruit purchased by Justin International from Riverfront Groves was sent directly to various domestic and international locations.
 
 
 4
 On March 26, 1991, Justin International mailed a check for $23,416.27, signed by Ziegler, to Riverfront Groves for fruit purchased in January and February 1991. None of this fruit was sent to California. Two days later, after consultation with attorneys, Ziegler notified his bank that he was terminating the company's business activity. The bank immediately froze Justin International's accounts and applied these funds to outstanding loans. As a result, the March 26 check to Riverfront Groves was returned for insufficient funds.
 
 
 5
 Riverfront Groves' executive vice president mailed a letter to Ziegler from Florida on April 22, 1991, demanding payment. The letter stated that, pursuant to Florida law, failure to satisfy the full amount of the dishonored check could result in referral to the State Attorney for criminal prosecution. Ziegler did not respond.
 
 
 6
 On August 8, 1991, Sergeant Mark Gibbons of the Indian River County Sheriff's Office wrote a letter on official stationery and sent it to Ziegler in California. The letter cautioned Ziegler that failure to satisfy his debt to Riverfront Groves could result in criminal prosecution.
 
 
 7
 On August 9, 1991, Sheriff Dobeck caused a subpoena duces tecum to be issued by a Florida court, commanding Ziegler's California bank to produce Ziegler's and Justin International's checking account records. The records produced by the bank showed that on March 6--the date Ziegler signed the check on behalf of Justin International--Justin had at least $67,000 in its account. The check was therefore good when Ziegler signed and mailed it to Riverfront Groves. Despite receipt of the bank records, Sergeant Gibbons obtained a Florida warrant for Ziegler's arrest in February 1991 on charges of grand theft. Ziegler was arrested in San Francisco on August 8, 1992.
 
 
 8
 Soon after Ziegler's arrest, Florida commenced extradition proceedings. On October 8, 1992, the Governor of California issued a warrant for Ziegler's return to Florida to stand trial for the crime of grand theft. Ziegler's counsel petitioned the California Governor's office to rescind the warrant of rendition. Several months later, based upon evidence that the dishonored check was good when written, a Florida prosecutor moved to rescind Ziegler's arrest warrant. The motion was granted. The extradition proceedings and prosecution terminated. This Sec. 1983 action for conspiracy to violate constitutional rights followed.
 
 
 9
 Upon defendants' motion, the district court dismissed for lack of personal jurisdiction. Ziegler timely appeals.
 
 II.
 
 10
 It is the plaintiff's burden to establish jurisdiction. Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.1990). To survive a jurisdictional challenge on a motion to dismiss, the plaintiff need only make a prima facie showing of jurisdiction where, as here, the district court did not hear testimony or make findings of fact. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 268 (9th Cir.1995). We review de novo. Id. at 269.
 
 
 11
 There are two types of personal jurisdiction: general and specific. Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir.1995). General jurisdiction exists if the nonresident's contacts with the forum are continuous and systematic, and the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." Id. Ziegler does not contend that the district court had general jurisdiction; only specific jurisdiction is at issue.
 
 
 12
 An exercise of specific "[j]urisdiction must comport with the state long-arm statute, and with the constitutional requirement of due process." Omeluk, 52 F.3d at 269. California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause. Cal.Code Civ.P. Sec. 410.10; see also Terracom v. Valley Nat'l Bank, 49 F.3d 555, 559 (9th Cir.1995). Consequently, the question is whether exercising jurisdiction over defendants would offend due process.
 
 
 13
 Ziegler was required to show that: (1) defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) his claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable. Terracom, 49 F.3d at 560.
 
 A. Purposeful Availment
 
 14
 The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.' " Terracom, 49 F.3d at 560 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).
 
 
 15
 Although there is some disagreement on the issue, we apply different purposeful availment tests to contract and tort cases. See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir.1993); Roth v. Garcia Marquez, 942 F.2d 617, 621 (9th Cir.1991). But see Core-Vent, 11 F.3d at 1493 (Wallace, C.J., dissenting). Consistent with the Supreme Court's holding in Burger King, merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident. Roth, 942 F.2d at 621. In tort cases, however, jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state. Id.
 
 
 16
 Ziegler alleges violations of his constitutional rights and seeks damages under 42 U.S.C. Sec. 1983. He does not assert supplemental state-law tort claims.
 
 
 17
 A section 1983 claim for deprivation of a constitutional right is more akin to a tort claim than a contract claim. We therefore analyze the question of purposeful availment using the tort-case standard. Cf. Magid v. Marcal Paper Mills, 517 F.Supp. 1125, 1130 (D.Del.1981) (claims under Age Discrimination in Employment Act alleged tortious injury within meaning of Delaware long-arm statute); Overby v. Johnson, 418 F.Supp. 471 (E.D.Mich.1976) (Sec. 1983 claim an "action for tort" within meaning of Michigan long-arm statute).
 
 
 18
 Ziegler's complaint alleges that defendants conspired to have him arrested in violation of his constitutional rights.[1] We accept the allegations as true for purposes of determining jurisdiction. Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir.1986). The district court emphasized that none of the defendants physically entered California in connection with the allegations giving rise to this litigation. Ziegler also relies on this point, but it is not the relevant inquiry.
 
 
 19
 Under Core-Vent, the three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum state. 11 F.3d at 1486. A lack of physical contact with the forum does not preclude exercising jurisdiction. Id. at 1485.
 
 1. Indian River County
 
 20
 No record evidence suggests that the Commissioners of Indian River County knew of, or took any action in connection with, Ziegler's arrest. Nor is there evidence that Sheriff Dobeck and Sergeant Gibbons acted pursuant to any county policy, custom, or ordinance.[2] See Hammond v. County of Madera, 859 F.2d 797, 801 (9th Cir.1988) (county not liable for acts of county officials unless the officials' conduct was the consequence of county policy or custom). Ziegler has not met his burden of demonstrating that Indian River County purposefully availed itself of California law. Farmers Ins. Exchange, 907 F.2d at 912. The district court properly concluded that it lacked jurisdiction over Indian River County.
 
 2. Remaining Defendants
 
 21
 As to the defendants other than Indian River County, the purposeful availment test was met. The complaint asserts--and we must assume--that each defendant took specific action to have Ziegler unlawfully arrested in California. The alleged wrongful conduct was plainly aimed at California. It was also intended to be felt by Ziegler in California. Core-Vent, 11 F.3d at 1485. The harm--Ziegler's arrest--was anticipated to occur in California. The defendants other than Indian River County therefore purposefully availed themselves of California law. Id.
 
 B. Arising Out Of
 
 22
 The second requirement of the specific jurisdiction test is that the claims arise out of the defendants' forum-related activities. There is no dispute that "but for" the contacts between defendants and California, Ziegler's claims would not have arisen. Terracom, 49 F.3d at 561 (second prong satisfied if "but for" alleged contacts, cause of action would not have arisen).
 
 
 23
 C. Reasonableness of Exercising Jurisdiction
 
 
 24
 Even if the first two prongs are satisfied, an unreasonable exercise of jurisdiction violates the Due Process Clause. In evaluating reasonableness, we examine:
 
 
 25
 (1) the extent of the defendant's purposeful injection into the forum;
 
 
 26
 (2) the defendant's burdens from litigating in the forum;
 
 
 27
 (3) the extent of conflict with the sovereignty of the defendant's state;
 
 
 28
 (4) the forum state's interest in adjudicating the dispute;
 
 
 29
 (5) the most efficient judicial resolution of the controversy;
 
 
 30
 (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
 
 
 31
 (7) the existence of an alternative forum.
 
 
 32
 Terracom, 49 F.3d at 561. All seven factors must be weighed. None is dispositive. Id.
 
 1. Extent of Purposeful Injection
 
 33
 Our determination that defendants purposefully availed themselves of California law does not obviate the need to consider the degree of their intrusion.[3] "Even if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong]." Core-Vent Corp., 11 F.3d at 1488 (brackets in original) (quoting Insurance Company of North America v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir.1981)). But see Roth, 942 F.2d at 623 (degree of interjection analysis and purposeful availment inquiry redundant).
 
 
 34
 Richey mailed a letter to Ziegler, who was in California, demanding payment after the bank dishonored the check. When Ziegler did not cover Justin International's check, Richey referred the matter to the county sheriff to have him arrested in California. He directed his action toward a person whom he knew to be in California, with the intention of causing that person to be arrested in California, by California law enforcement officers. Richey's purposeful injection into California was significant.
 
 
 35
 As its executive vice-president, Richey's contacts are imputed to Riverfront Groves for purposes of determining jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir.1990) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal."). Riverfront Groves' intrusion into California was therefore also significant.
 
 
 36
 Sheriff Dobeck and Sergeant Gibbons contributed substantially to Ziegler's allegedly wrongful arrest in California. They obtained a warrant for the arrest of a California resident, despite their apparent knowledge that no crime had been committed. Sheriff Dobeck and Sergeant Gibbons intentionally directed their actions toward California, for the purpose of having Ziegler arrested there and extradited. Their purposeful injection into California was significant.
 
 
 37
 The defendants' burden is the second factor. The burden to defendants from litigating in California is equal to the burden facing Ziegler from litigating in Florida. Where burdens are equal, this factor tips in favor of the defendants because the law of personal jurisdiction is "primarily concerned with the defendant's burden." Terracom, 49 F.3d at 561; see also Roth, 942 F.2d at 623.
 
 
 38
 The interference with Florida's sovereignty, the third factor, is potentially greater here than in the ordinary tort action because defendants were following collection remedies provided under Florida law. But if they intentionally abused the remedies provided under those laws--as alleged in Ziegler's complaint--then Florida's sovereign interests are outweighed by California's interest, the fourth factor, in protecting its citizens from the wrongful acts of nonresident defendants. See Terracom, 49 F.3d at 561; Core-Vent, 11 F.3d at 1489 ("California maintains a strong interest in providing an effective means of redress for its residents who are tortiously injured") (internal quotation omitted).
 
 
 39
 The fifth consideration is the efficiency of the forum. "In evaluating this factor, we have looked primarily at where the witnesses and the evidence are likely to be located." Core-Vent, 11 F.3d at 1489. Ziegler has identified fourteen plausible witnesses who reside in California. Defendants do not list their potential witnesses residing in Florida, but they appear to consist of just Richey, Sergeant Gibbons, and Sheriff Dobeck. On this record, the efficiency factor cuts in Ziegler's favor.
 
 
 40
 The convenience and effectiveness of relief for the plaintiff comprise the sixth factor. Nothing in the record establishes that effective relief is not available to Ziegler in Florida. While litigating in Florida would no doubt inconvenience Ziegler, "neither the Supreme Court nor our court has given much weight to inconvenience to the plaintiff." Id. at 1490. This factor therefore tips only slightly in favor of Ziegler.
 
 
 41
 The final factor is availability of an alternate forum. "The plaintiff bears the burden of proving the unavailability of an alternative forum." Id. at 1490. Ziegler has not demonstrated that his Sec. 1983 claims cannot be litigated in Florida. This factor goes to defendants.
 
 
 42
 In sum, factors 3 and 7 (Florida's sovereignty interests and available alternative forum) favor defendants. Ziegler has a slight edge on factors 2 and 6 (respective burdens and convenience and effectiveness of relief), and factors 4 and 5 (California's interest and efficiency) decisively favor him. Defendants' interjection into California was significant; therefore, factor 1 weighs in favor of Ziegler.
 
 
 43
 "Once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." Roth, 942 F.2d at 625 (internal quotation omitted; emphasis in original). The balance of factors fails to favor defendants--in fact, it favors Ziegler. The presumption that exercising jurisdiction would be reasonable has not been overcome.
 
 
 44
 Aside from Indian River County, Ziegler has satisfied the three-prong specific jurisdiction test with respect to all defendants. Terracom, 49 F.3d at 560. We hold that the district court has specific jurisdiction over each defendant other than Indian River County.
 
 III.
 
 45
 Along with their motion to dismiss, defendants filed a motion to change venue to the Southern District of Florida. In both its oral decision and written order, the district court noted that even if it had found personal jurisdiction over defendants, it would grant the motion for a change of venue pursuant to 28 U.S.C. Sec. 1404(a).
 
 
 46
 The declarations were dicta and of no force or effect because they were made after a finding of no jurisdiction. We do not reach the issue of whether the case is properly venued in Florida; it is not properly before us for review. Ziegler's request for a writ of mandamus is therefore not ripe.
 
 IV.
 
 47
 We reverse the district court's dismissal order with respect to all defendants other than Indian River County. We affirm the district court's dismissal of Indian River County for lack of jurisdiction. Ziegler's request for a writ of mandamus is denied. We remand for further proceedings. This panel retains jurisdiction over further proceedings, if any, before this court.
 
 
 48
 Reversed in part, affirmed in part, and remanded.
 
 
 49
 Each side shall bear its own costs.
 
 
 
 [1]
 Ziegler's claims against Riverfront Groves and Daniel Richey are not precluded by their status as private parties. A person becomes a state actor for purposes of Sec. 1983 liability by conspiring with a state official or by "becoming so closely related to the State that the person's actions can be said to be those of the State itself." Price v. Hawaii, 939 F.2d 702, 708 (9th Cir.1991), cert. denied, 503 U.S. 938, 112 S.Ct. 1479, 1480, 117 L.Ed.2d 622 (1992). Ziegler's complaint alleges a conspiracy between Riverfront Groves, Richey, and the governmental defendants. Whether Riverfront Groves and Richey were private actors is therefore a question to be resolved following discovery
 
 
 [2]
 Indian River County is not responsible for the acts of Sheriff Dobeck and Sergeant Gibbons merely because they are paid by the county. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("There is no respondeat superior liability under section 1983.")
 
 
 [3]
 For ease of reference, we use "defendants" in this section to refer to all defendants other than Indian River County