Smile ALVAREZ, Plaintiff,

v.

AIRCRAFT MODULAR PRODUCTS,
INC., Defendant.

Civ. No. 96–00418 ACK.

United States District Court,
D. Hawai'i.

Nov. 8, 1996.

Greg Heidler, Haleiwa, HI, for Plaintiff.

Anna H. Oshiro, Damon Key Bocken Leong & Kupchak, Honolulu, HI, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S REQUEST FOR SANCTIONS

KAY, Chief Judge.

### BACKGROUND

On May 3, 1996 Plaintiff Smile Alvarez ("Plaintiff") filed a Complaint against Defendant Aircraft Modular Products, Inc. ("Defendant"). Thereafter on July 16, 1996 Defendant filed the instant motion to dismiss for lack of personal jurisdiction. Plaintiff filed a timely opposition, to which Defendant filed a reply.

This matter came before the Court for hearing on October 15, 1996.

### FACTS

Plaintiff is a flight attendant for Continental Airlines. On August 29, 1994 Plaintiff was injured by pushing a heavy duty-free storage cart into a "buffet unit" on a Continental aircraft where he was working at the time. The injury occurred over the Atlantic Ocean on a flight from Rome to Newark, on a plane which operated out of Newark.

Plaintiff brings this products liability suit against Defendant Aircraft Modular Products, Inc., the manufacturer of the buffet unit which injured Plaintiff. Defendant, a Florida corporation, contracted with Continental Airlines in 1990–1991 to provide Continental with these buffet units for use on some of its airplanes. The negotiations were conducted in Texas and Florida. At the time of the contract Continental allegedly operated a base out of Hawai'i. Plaintiff asserts the purpose of contracting for the buffet units was to increase the quality and volume of Continental's flights through Hawai'i. At the time of the contract Plaintiff was based in Hawaii, although in 1993 Continental closed its Hawai'i base and Plaintiff relocated to the mainland. Plaintiff now lives in Texas and was based in Newark at the time of the injury.

### STANDARD OF REVIEW

Plaintiff bears the burden of establishing that the Court has personal jurisdiction. *Federal Deposit Ins. Corp. v. British–American Ins. Co., Ltd.,* 828 F.2d 1439, 1441 (9th Cir.1987), citing *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir.1986). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with

facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Where the trial court's ruling is based solely upon a review of affidavits and discovery materials, dismissal is appropriate only if the plaintiff fails to make a prima facie showing of personal jurisdiction. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 379 (9th Cir.1988), rev'd on other grounds (forum selection clause), 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

### DISCUSSION

The Defendant corporation brings this motion to dismiss on grounds that the Court lacks personal jurisdiction over it. Defendant is a Florida corporation with its principal place of business in Florida.

■ The exercise of personal jurisdiction over a defendant must comport with statutory authority and the constitutional strictures of due process. Where there is no governing federal statute which confers personal jurisdiction over the defendant, the district court must apply the long-arm statute of the state in which the court sits. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir.1995); *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir.1993). Where the state's long-arm statute allows the exercise of jurisdiction to the full extent permitted by the due process clause, the statutory and constitutional analyses merge and the court need only address whether due process permits the exercise of personal jurisdiction. *Terracom*, 49 F.3d at 559. Hawai'i's long-arm statute allows the exercise of jurisdiction to the full extent permitted by due process under the constitution. *Cowan v. First Ins. Co.*, 61 Haw. 644, 608 P.2d 394 (1980). Therefore the only issue is the due process inquiry.

■ Under the due process clause federal courts may exercise either "general" or "specific" personal jurisdiction over defendants. General jurisdiction exists where the defendant has such "systematic and continuous" contacts with the forum that the defendant may be haled into court there even if the suit is unrelated to the defendant's contacts with the state. In the case at bar Plaintiff does not contend that the Court has general jurisdiction over Defendant.

■ The sole inquiry thus is whether the Court can properly exercise "specific" jurisdiction. Specific jurisdiction may exist when " 'the cause of action arises out of or is related to the defendant's forum activities.' " *Terracom*, 49 F.3d at 560 (quoting *Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir.1986)). The Ninth Circuit applies a three-part test to determine whether specific jurisdiction comports with due process:

(1) the defendant purposefully availed himself of the forum,

(2) the claim arose out of the defendant's forum-related activities, and

(3) the exercise of personal jurisdiction is reasonable.

*Id.* at 560; *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir.1990), rev'd on other grounds (forum selection clause), 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

Previously the Ninth Circuit required that all three prongs be met, but the Ninth Circuit now acknowledges that it has since "adopted a more flexible approach." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1074 (9th Cir.1986); *Haisten*, 784 F.2d at 1397. On one end of the spectrum, where purposeful availment has clearly been shown the reasonableness prong is presumed to have been satisfied. *Brand*, 796 F.2d at 1074; *Haisten*, 784 F.2d at 1397 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–79, 105 S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985)). In such instances the defendant bears the burden of overcoming this presumption "by presenting a compelling case that jurisdiction would be unreasonable." *Id.* However where there is a lesser showing of purposeful availment, or indeed where "the defendant has not directed its activities toward the forum state," the Ninth Circuit holds that it does not offend due process to exercise personal jurisdiction where doing so is otherwise reasonable. *Brand*, 796 F.2d at 1074. Specifically, "personal jurisdiction may be established on a lesser showing of minimum

contacts with the state 'if considerations of reasonableness dictate.'" *Id.* at 1075 (quoting *Haisten,* 784 F.2d at 1397).

### 1. *Purposeful Availment*

The purposeful availment prong is described as some act through which the defendant "purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Terracom* at 560 (quoting *Shute,* 897 F.2d at 381). In *World–Wide Volkswagen v. Woodson* the Supreme Court stated that mere foreseeability of injury in the forum state is an insufficient basis on which to premise personal jurisdiction. *World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). For example where injury is conceivably foreseeable but where injury in the forum state occurs by mere "fortuitous circumstance" through no conduct of the defendant, purposeful availment is not satisfied. *Id.* World Wide Volkswagen involved an auto dealer who sold a car in New York which by happenstance was later involved in a car accident in Oklahoma while the buyers (who were New York residents when they purchased the car) were driving across that state. The Supreme Court ruled that the dealer had not directed any activities towards the forum state of Oklahoma and therefore Oklahoma lacked personal jurisdiction over the dealer. In that same opinion, however, the Supreme Court stated that jurisdiction is proper where a manufacturer or distributor has placed goods into the stream of commerce knowing and intending for them to be ultimately purchased by consumers in the forum state:

> [I]f the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation *that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.*

*Id.* at 297–98, 100 S.Ct. at 567 (emphasis added). The Ninth Circuit interprets *World–Wide Volkswagen* to hold that purposeful availment is satisfied where a distributor "has engaged in affirmative conduct to deliver its product in [the forum state]." *Plant Food Co-op v. Wolfkill Feed & Fertilizer,* 633 F.2d 155, 159 (9th Cir.1980), cited in *Brand,* 796 F.2d at 1074.

In the tort context, where unlike the distribution context the defendant might not target consumers *per se* in the forum, the Supreme Court holds that intending *effects* in the forum can serve the basis for personal jurisdiction. *Calder v. Jones,* 465 U.S. 783, 787–89, 104 S.Ct. 1482, 1486–87, 79 L.Ed.2d 804 (1984). In *Calder* personal jurisdiction was proper over a reporter and an editor of the National Enquirer magazine. The magazine published an article which featured California as the focal point and as a result the brunt of potential harm would be suffered in California. The defendants argued that they had no economic stake in distribution of the magazine to California. In support of this the defendants analogized their situation to that of an out-of-state welder being haled into court in California for suit stemming from his welding a boiler which, although made in another forum, ultimately explodes in California. However the Supreme Court expressly declined to determine the status of such a hypothetical welder and held that jurisdiction over the defendants in the instant case was proper. *Id.* at 789–90, 104 S.Ct. at 1487. The Court reasoned that the defendants "expressly aimed" their actions at having an effect in California because they "knew [the magazine article] would have a potentially devastating impact upon the respondent," a California resident. *Id.*

Together *World–Wide Volkswagen* and *Calder* establish that the defendant must direct some activity towards the forum state, either in business such as sales (*Volkswagen*) or harm (*Calder*). Nevertheless it is unclear to what extent merely placing a good in the stream of commerce will justify the exercise of personal jurisdiction over a

defendant. In *Asahi* a divided Supreme Court squarely faced this issue but did not reach a majority opinion. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). A plurality of Justices held the mere fact a supplier can foresee that its products will eventually be sold in the forum state does not show purposeful availment. *Id.* at 111–13, 107 S.Ct. at 1032. *Asahi* involved a Japanese supplier who sold valve parts to a Korean company who manufactured tires. The valves would be incorporated into tires ultimately sold in America, including in the forum state of California. *Id.* The defendant Japanese supplier could foresee that his parts would end up in America and probably in California, but it had not taken any steps to target the forum state. The plurality found this was insufficient to confer personal jurisdiction on California courts. *Id.*

Some Circuits have interpreted the *Asahi* plurality opinion to warrant an analysis described as "stream of commerce plus." *See Vermeulen v. Renault, U.S.A. Inc.*, 985 F.2d 1534, 1548 (11th Cir.1993). Under this analysis not only must the defendant foresee that the product will end up in the forum, but also it must specifically direct some additional action at the forum state. The Ninth Circuit has not indicated to what extent it embraces the plurality opinion in *Asahi*, but nevertheless it applies the similar rationale of the *Asahi* plurality that mere foreseeability is insufficient to find purposeful availment. This is especially true in the standard the Ninth Circuit applies in tort cases, discussed below.[1]

The Ninth Circuit applies a different "purposeful availment" standard to tort suits than it does to suits in contract. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995) In the tort context, "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." *Id.* (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir.1991) (contract case which stated general rule re tort cases per *Calder*)). "[T]he three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum state." *Id.* at 474 (citing *Core–Vent*, 11 F.3d 1482, 1486 (9th Cir.1993)).

In the case at bar Plaintiff, a flight attendant for Continental Airlines, brings this tort action for injuries he sustained from an aircraft "buffet unit" which Defendant manufactured for Continental. It is unclear whether Defendant installed the buffet units. Plaintiff was apparently injured during a flight while the aircraft was flying over the Atlantic Ocean. At the time of the injury Plaintiff was based in Newark and a resident of Texas. The plane was not en route to or from Hawaii.

Plaintiff alleges the purposeful availment test is satisfied because Defendant supposedly sold the buffet units to Continental with the express purpose for the units to be installed on planes which would fly to or from Hawaii. In particular Plaintiff alleges the purpose of the contract between Continental and Defendant was to increase the quality and volume of Continental's Hawaii flights. In addition Plaintiff contends the buffet units were designed specifically for Continental's wide body planes, which allegedly Defendant knew flew primarily out of Hawaii (at least at that time). Moreover Plaintiff alleges that Hawaii was one of Continental's hubs at the time. Plaintiff argues these facts show not only that use of the buffet units in Hawaii was foreseeable to Defendant but moreover that Defendant directed its activity to have an effect in Hawaii. At the hearing, however, it became evident that Continental contracted for the buffet units to increase the volume of its international travel, not necessarily its Hawaii-bound travel in particular. Honolulu was simply one of Continental's few international hubs in the United States at the time through which planes with the new buffet units would fly. The contract for the buffet units would similarly affect Newark and Los Angeles.

---

**1.** Although *Asahi* involved a product liability case, personal jurisdiction over the Japanese supplier arose in the context of a third party indemnity claim, not a tort claim.

■ The Court concludes that the *Core–Vent* three-factor test is not satisfied. For example the first factor is not met. Although Defendant engaged in intentional action when it sold the buffet units to Continental,[2] this intentional action did not affect Hawaii. At the time of the contract it was conceivable that the buffet units could have an effect on Hawaii, but in fact they affected Newark. The second factor is also not met because Defendant did not specifically target this action to affect the forum state of Hawaii. Plaintiff alleges Defendant sold the buffet units with the purpose of increasing Continental's service and flights through Hawaii, and Defendant made the buffet units for wide-body planes allegedly used primarily for Hawaii flights. However, as stated above, Plaintiff clarified at the hearing that the buffet units were intended to promote Continental's international routes, not Hawaii flights in particular.

■ The third factor is similarly not satisfied—"causing harm that the defendant should have anticipated would be suffered in the forum state." *Ziegler*, 64 F.3d at 473. First, the Court reiterates the buffet unit in question did not cause harm in the forum state of Hawaii. The harm occurred in Newark, where Plaintiff and the plane on which he was injured were based at the time. Second, Defendant could not have sufficiently anticipated that harm would be suffered in Hawaii. Defendant *might* have foreseen harm could occur in Hawaii, given that the buffet units were used on flights to Hawaii and Continental had a hub in Honolulu at that time. Such minimal foreseeability was rejected by a plurality of the Supreme Court in *Asahi*, however. *Asahi*, 480 U.S. at 109–13, 107 S.Ct. at 1031–32. Though it is unclear to what extent the Ninth Circuit adopts the *Asahi* plurality, Defendant's tenuous connection to Hawaii is only tangentially related to this suit. As stated above, the injury did not occur in Hawaii, nor did Plaintiff suffer harm in Hawaii from the injury. Instead the injury occurred over the Atlantic Ocean on a flight from Rome to Newark. The fact that arguably Defendant could have foreseen injury in Hawaii is not sufficient to find this forum has personal jurisdiction over Defendant for all suits minimally related to this forum, where the injury and harm occur outside Hawaii.

Further, this case is distinguished from *Mariner v. Hyatt Corp.*, Civil No. 90–00464 ACK. In *Mariner* the Court found the defendant hotel had purposefully availed itself of the forum state even though the injury did not occur in Hawaii. Though the injury which formed the basis for the suit occurred at the hotel's premises in Tahiti, nevertheless the harm was suffered by a Hawaii flight attendant. In addition the defendant in *Mariner* had taken many actions specifically directed at the forum state of Hawaii, actions which were moreover related to the suit. For example in *Mariner* the defendant hotel entered into a contract with Continental to provide services directly to Hawaii-based flight attendants who were on layovers in Tahiti. In addition the defendant had used Continental's Hawaii office to conduct debt collection and had solicited Hawaii business through Hawaii travel agents.

■ For these reasons the Court finds that the purposeful availment prong has not been satisfied. Nevertheless exercising personal jurisdiction over Defendant could be proper if Plaintiff satisfies the second two prongs of the test for specific jurisdiction. *See Brand v. Menlove*, 796 F.2d at 1074. Even where purposeful availment is questionable, this does not defeat the exercise of personal jurisdiction where jurisdiction over the defendant is otherwise reasonable. *Id.* For this reason, below the Court will discuss the remaining prongs.

2. The "intentional action" requirement does not appear to require an allegation of an intentional tort. *Core–Vent* describes the first two prongs as "intentional action aimed at the forum state" and neither it nor *Ziegler* which followed discuss the nature of the tort claim as intentional or otherwise. Instead it appears the act requirement stems from the discussion in *World–Wide Volkswagen* that the defendant must take some affirmative act so that personal jurisdiction does not turn on the random and fortuitous conduct of others. Nevertheless there are no cases in this area which involve negligence. *Core–Vent* was a § 1983 suit in which the plaintiff alleged the defendants violated his constitutional rights by "[taking] specific action to have [the plaintiff] unlawfully arrested in California." 64 F.3d at 474. Similarly, *Ziegler* was a defamation action.

### 2. *Arising Out Of*

 The second requirement for specific jurisdiction is that the claims must arise out of the Defendant's forum-related activities. This prong is not satisfied because it cannot be said that "but for" providing the buffet units to Continental for use on Hawaii planes, Plaintiffs' injury on a Newark plane would not have arisen. Once again, Plaintiff was injured on a flight to Newark, Plaintiff was based in Newark at the time, and the plane on which the injury occurred was not even en route to Hawaii.

### 3. *Reasonableness*

 The Court also finds that exercising personal jurisdiction over Defendant is not reasonable. Reasonableness is a function of seven factors:

(1) the extent of the defendant's purposeful injection into the forum;

(2) the defendant's burdens from litigating in the forum;

(3) the extent of conflict with the sovereignty of the defendant's state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

*Id.* at 475 (citing *Terracom,* 49 F.3d at 561).

 Applying these factors in the case at bar, the first factor weighs against exercising personal jurisdiction over Defendant because the Court has found that Defendant did not purposefully avail itself of the forum state. There is minimal showing at best that Defendant purposefully injected its products into the forum state. The extent of purposeful injection into the forum state is insignificant because Defendant had no direct contact with Hawaii and derived indirect economic benefit from allegedly enhancing Continental's Hawaii routes. As to the second factor, litigating in Hawaii imposes a burden on Defendant because it is a Florida corporation with contacts with Hawaii. The third factor does not appear to weigh against personal juris-

diction because there is no apparent threat of conflict with the sovereignty of Defendant's state (Florida). As to the fourth factor, the forum state of Hawaii has some interest in adjudicating the dispute because these buffet units are allegedly still used extensively on Hawaii flights. For example the buffet units could injure Hawaii flight attendants and Hawaii tourists. However, New Jersey has greater interest in this matter because, as stated above, the subject plane was operating out of New Jersey and Plaintiff was based there at the time. In addition Hawaii has little interest in adjudicating this matter to protect this particular plaintiff, because Plaintiff is no longer a Hawaii resident and indeed was not a resident at the time he was injured. Fifth, there is no showing that adjudicating in Hawaii will promote judicial efficiency. Although Plaintiff alleges that at trial he plans to call witnesses who are in Hawaii, neither party is a Hawaii resident, the subject plane was operating out of New Jersey at the time of the injury, and the buffet unit in question was not manufactured in Hawaii. Indeed it appears that New Jersey is the most efficient forum state. Sixth, Plaintiff's interest in this forum is not particularly important to his interest in convenient and effective relief because he no longer lives in Hawaii. Last, alternative forums exist such as New Jersey and Defendant's state of Florida. Texas, where Plaintiff resides, is also a potential alternative forum because some of the contract negotiations between Defendant and Continental took place there. Plaintiff bears the burden of showing that an alternative forum does not exist and therefore this factor tips in favor of Defendant. *Ziegler,* 64 F.3d at 476.

Balancing these factors, the Court concludes that exercising personal jurisdiction over Defendant would be unreasonable in this case. The Court therefore grants Defendant's motion to dismiss for lack of personal jurisdiction.

### CONCLUSION

For the above reasons the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction. Under the three-part test for specific jurisdiction set forth by the

Ninth Circuit, the Court finds that exercising personal jurisdiction over Defendant violates the Due Process Clause. However, the Court DENIES Defendant's request for sanctions because Plaintiff's assertion that the Court has personal jurisdiction over Defendant has an arguable basis in law and hence is not frivolous.

IT IS SO ORDERED.