141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SPECIFIC INNOVATIONS, INC., a Tennessee corporation; and
David Weiss, an individual, Plaintiffs-Appellants,
v.
Daniel GROMM, an individual; Dent Dynamics, a California
corporation; Gromm Engineering, a California corporation;
Mark Wilhm, an individual; Robert Patrick, an individual;
and Anvils, Inc ., an Arkansas corporation, Defendants-Appellees.
 No. 97-15689.
D.C. No. CV-96-1922-CAL.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1998.
Decided March 31, 1998.
 
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding.
 Before SKOPIL and KOZINSKI, Circuit Judges, and WEINER,** District Judge.
 MEMORANDUM*
 We reverse the district court's order dismissing this action for lack of personal jurisdiction and improper venue. Specific Innovations clearly made a prima facie showing of jurisdiction sufficient to avoid dismissal. See Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.1995). SI's allegations of fraud, conversion, conspiracy, misappropriation, unfair trade practices, defamation, libel, and intentional inference with contract, all occurring substantially in the forum district, establish the "minimum contacts" necessary to satisfy due process. See Gordy v. Daily News, L.P.., 95 F.3d 829, 831 (9th Cir.1996).
 We have developed a three-part test to aid the district court in determining when it may exercise specific jurisdiction over a nonresident defendant. See Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995). Anvils "purposefully availed" itself of the forum's benefits and protection by taking "deliberate action within the forum state" and by creating "continuing obligations to forum residents." Id. SI alleges that Anvils solicited Gromm's business, and then manufactured and sold over $200,000 of tools to Gromm in California. Discovery supports SI's contention that Gromm was more than just a customer; he was involved in ordering the raw materials supplied to Anvils and in closely coordinating Anvils' production of the tools.
 The district court implied that it would be unreasonable to force Anvils to defend in California. We have identified factors to consider in determining whether the exercise of jurisdiction "comports with fair play and substantial justice." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487 (9th Cir.1993). Exercising jurisdiction over Anvils would not be unreasonable. A forum state has a strong interest in litigating alleged unlawful activity regarding out-of-state defendants doing business in state. See Ballard, 65 F.3d at 1500-1502. Moreover, there is a presumption that the exercise of jurisdiction is reasonable; it is the defendant who carries a "heavy burden of presenting a 'compelling case' against jurisdiction." Id. at 1502.
 Venue in a diversity action is proper in a "district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. The district court's mischaracterization of SI's action as solely a contracts case apparently caused it to misapply that standard. The district court should have exercised specific jurisdiction over Anvils; venue was proper as to all defendants.
 REVERSED and REMANDED.
 
 
 
 **
 The Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3