OPINION AND ORDER
 

 REDDEN, District Judge.
 

 This is an action for trademark infringement brought by Oregon resident Robert C. Perry (“Perry”)) a distributor of theft prevention devices for computers and other office equipment, against rightOn.com, a Delaware corporation with its principal place of business in Palo Alto, California. Perry owns the trademark Righton, used to designate an anti-theft device which attaches to laptop computers. RightOn.com offers Internet-based scheduling and appointment management services. Righ-ton.com is the owner of the Internet domain name righton.com. The matter before the court is rightOn.com’s motion to dismiss the complaint for lack of personal jurisdiction. The motion is granted. Perry did not request oral argument; righ-tOn.com did. Since I find for rightOn.com, oral argument is unnecessary.
 

 Factual Background
 

 Perry began using the trademark Righ-ton in 1986, and registered the mark with the United States Patent and Trademark Office in 1987. In 1999, just before incorporating, rightOmcom’s founders, Andrew Sacks and Indu Bingham, purchased the rights to the registered Internet domain name righton.com from an individual located in Virginia. Sacks has stated in a declaration that when the domain name was purchased, neither he nor Bingham had ever heard of Perry or any product sold by him.
 

 Since incorporation, rightOn.com has been developing a business plan and attempting to obtain financing in California’s Silicon Valley. According to Sacks, righ-tOn.com has not engaged in any national advertising and has not directed any marketing activities toward Oregon. Righ-tOn.com has not sold any product or service in the state of Oregon, nor has it accepted inquiries from Oregon residents for the sale of any product or service.
 

 In November 1999, Perry filed a complaint against rightOn.com with Network Solutions, Inc. (“NSI”), which has the authority to register and administer domain names. As a consequence of the complaint, rightOmcom’s domain name was placed on hold. Once a domain name is placed on hold, it cannot be used by anyone; rightOn.com was therefore unable to use its web site, and persons attempting to access its Internet address or send e-mail to individuals using the domain name were unable do so.
 

 Righton.com attempted without success to persuade Perry to withdraw the NSI complaint. It then filed a complaint in the United States District Court for the Northern District of California, seeking a declaration of non-infringement and non-dilution and an injunction compelling Perry to withdraw the NSI complaint. Righ-tOn.com later dismissed the complaint and sought resolution under new procedures implemented by NSI in January 2000. In the interim, however, Perry filed this action, which forestalled the use of NSI’s dispute resolution procedures.
 

 Standards
 

 The plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence.
 
 Hirsch v. Blue Cross, Blue Shield of Kansas,
 
 800 E.2d 1474, 1477 (9th Cir.1986). A two-part showing is required: (1) the forum state must have an applicable long-arm statute; and (2) the assertion of jurisdiction must comport with the constitutional requirements of due process.
 
 Data Disc, Inc. v. Systems Technology
 
 Assoc.,
 
 Inc., 557
 
 F.2d 1280, 1286 (9th Cir.1977).
 

 In diversity actions, federal courts must first examine the state’s jurisdiction
 
 *1140
 
 al statute to determine if it provides for jurisdiction.
 
 Sinatra v. National Enquirer, Inc.,
 
 854 F.2d 1191, 1194 (9th Cir.1988). Oregon’s jurisdictional statute confers personal jurisdiction coextensive with due process. Or.R.Civ.P. 4L. “Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards.”
 
 Millennium Enterprises v. Millennium Music, LP,
 
 38 F.Supp.2d 907, 909 (D.Or.1999).
 

 Due process requires minimum contacts between the defendant and the forum state such that the exercise of personal jurisdiction does not offend “traditional notions of fair play and substantial justice.”
 
 International Shoe Co. v. State of Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945);
 
 Fireman’s Fund Ins. Co. v. National Bank of Cooperatives,
 
 103 F.3d 888, 893 (9th Cir.1996). However, the nature and quality of contacts necessary to support jurisdiction depends upon the type of jurisdiction asserted.
 

 Perry asserts that the court has specific jurisdiction. To be subject to specific jurisdiction:
 

 (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
 

 (2) the claim must be one that arises out of or relates to the defendant’s forum-related activities [and];
 

 (3) the exercise of jurisdiction must comport with fair play and substantial justice;
 
 i.e.,
 
 it must be reasonable.
 

 Sher v. Johnson,
 
 911 F.2d 1357, 1361 (9th Cir.1990).
 

 The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon “random, fortuitous or attenuated” contacts with the forum state.
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This requirement is satisfied if the defendant “has taken deliberate action” toward the forum state.
 
 Panavision Intern., L.P. v. Toep-pen,
 
 141 F.3d 1316, 1320 (9th Cir.1998).
 

 Application of the purposeful availment requirement differs depending on whether the underlying claim is in tort or contract.
 
 Ziegler v. Indian River County,
 
 64 F.3d 470, 473 (9th Cir.1995). In tort cases, jurisdiction may attach if the defendant’s conduct is aimed at or has an effect in the forum state.
 
 See Calder v. Jones,
 
 465 U.S. 783, 789-90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (holding that an intentional tort knowingly directed at a forum resident satisfies the minimum contacts test);
 
 see also Panavision,
 
 141 F.3d at 1321. Under
 
 Colder,
 
 personal jurisdiction can be based upon: (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered — and which the defendant knows is likely to be suffered — in the forum state.
 
 Panavision,
 
 141 F.3d at 1321.
 

 Perry argues that the purposeful availment requirement is met in this case because rightOn.com is conducting business over the Internet on a nationwide basis, using the Righton.com domain name for that purpose, and intentionally using a business name protected by trademark registration, directing those infringing acts at Oregon. The argument is unpersuasive.
 

 In
 
 Cybersell, Inc. v. Cybersell, Inc.,
 
 130 F.3d 414 (9th Cir.1997), the Court of Appeals held that simply registering another’s trademark as a domain name and posting an essentially passive web site on the Internet is insufficient to subject a party domiciled in one state to jurisdiction in another. The court held that there must be “something more” to demonstrate that the defendant directed his activity toward the forum state. 130 F.3d at 418. The court also held that an allegation of trademark infringement did not suffice for that “something more:” “[otherwise, every complaint arising out of alleged trademark
 
 *1141
 
 infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiffs principal place of business is located. That would not comport with traditional notions of what qualifies as purposeful activity ...”
 
 Id.
 
 at 420.
 

 In
 
 Millennium Enterprises, Inc. v. Millennium Music, LP,
 
 33 F.Supp.2d 907, (D.Or.1999), this court held that even an interactive web site was insufficient to create a “substantial connection” with Oregon absent evidence to suggest that defendants “intended to target Oregon residents ... any more than they intended to target residents of other states.”
 
 Id.
 
 at 922.
 

 In
 
 Panavision,
 
 the court found “something more” when it was shown that the defendant “engaged in a scheme to register Panavision’s trademarks as his domain names for the purpose of extorting money from Panavision.” 141 F.3d at 1322. The defendant had established a web site using Panavision’s trademark as his domain name; the web page for the site displayed a photograph of a city in Illinois. The defendant had offered to abandon the domain name if Panavision paid him $13,000; after Panavision refused, defendant registered Panavision’s other trademark, Pana-flex, as a domain name. The Panaflex web page simply displayed the word “Hello.”
 
 Id.
 
 at 1319. The court noted that the defendant’s conduct, “as he knew it likely would,” had the effect of injuring Panavision in California, its principal place of business and the center of the movie and television industry. The court concluded that the purposeful availment requirement necessary for specific jurisdiction was satisfied under the “effects test.”
 
 Id.
 
 at 1322.
 

 Here, in contrast to the
 
 Panavision
 
 case, Perry has offered no evidence that rightOn.com intentionally directed its acquisition of the righton.com domain name at Perry’s business in Oregon, with knowledge that Perry would be, or was likely to be, harmed. RightOn.com has submitted evidence that its principals were unaware of Perry’s business, or his claimed right to the Righton trademark, at the time they selected the domain name.
 

 Perry has failed to meet his burden of showing, by a preponderance of the evidence, that the “purposeful availment” requirement for specific jurisdiction is met. Accordingly, rightOn.com’s motion to dismiss (doc. #4) is GRANTED. This case is dismissed.
 

 IT IS SO ORDERED.