Izzedin ASAD, dba XyzzT Enterprises, Plaintiff–Appellant,

v.

PIONEER BALLOON, a Corporation of the State of Kansas, dba Pioneer Ansell Worldwide; Tubeworks, Inc., a Corporation of the State of California, Defendants–Appellees.

No. 99–35822.

D.C. No. CV–98–00059–DWM (RFC).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided June 5, 2001.

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM [*]

Plaintiff Izzedin Asad appeals pro se the district court's judgment dismissing his diversity action for lack of personal jurisdiction over defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of personal jurisdiction, *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir. 1995), and we reverse and remand.

## I. BACKGROUND

Asad, a Montana resident, is sole proprietor of XyzzT Enterprises, an export business located in Great Falls, Montana. In his complaint, Asad alleged that he contracted with Tubeworks, Inc., a California company, to deliver balloon products to Dubai, United Arab Emirates. After arriving in Dubai to receive the shipment, Asad learned that Tubeworks would not deliver because it had been advised by Continental American Corporation, a Kansas company doing business as Pioneer Balloon, that Asad was a bad credit risk. Asad also alleged that Pioneer induced two certified balloon artists to discontinue negotiations with him.

## II. DISCUSSION

The plaintiff bears the burden of establishing personal jurisdiction. *Ziegler,* 64 F.3d at 473. Where the district court did not hold an evidentiary hearing and make findings of fact, the plaintiff need only make a prima facie showing. *Id.* The allegations of the complaint are accepted as true for purposes of determining jurisdiction. *Id.* at 474.

Because there is no applicable federal long-arm statute, and the Montana long-arm statute extends to the limit permitted by the federal Constitution, *Davis v. American Family Mutual Ins. Co.,* 861 F.2d 1159, 1161 (9th Cir.1988) (citing *North Dakota v. Newberger,* 188 Mont. 323, 613 P.2d 1002, 1004 (1980)), the jurisdiction of the district court extends as far as the Due Process Clause of the Fourteenth Amendment permits, *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987). To satisfy due process, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

## A. General Jurisdiction

Under the doctrine of general jurisdiction, a defendant who has "substantial" or "continuous and systematic" contacts with the forum state may be haled into court in any action. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). The district court correctly concluded that neither Tubeworks nor Pioneer had sufficient contacts with the state of Montana to support the exercise of general jurisdiction.

## B. Specific Jurisdiction

Under the doctrine of specific jurisdiction, a defendant may be subject to suit if: (1) he does some act or consummates some transaction by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim is one which arises out of or results from his forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998) (citation omitted). In assessing purposeful availment, we distinguish between contract and tort actions. *Roth v. Garcia Marquez,* 942 F.2d 617, 621 (9th Cir.1991).

### 1. Tubeworks

The claims against Tubeworks sound primarily in contract. In contract actions, the defendant must have performed some affirmative conduct that allows or promotes the transaction of business within the forum state. *Roth,* 942 F.2d at 621.

Soliciting business in the forum state will generally suffice if it results in contract negotiations or the transaction of business. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990) (citations omitted), *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). However, the mere existence of a contract with a forum resident is not enough. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

According to Asad, he first encountered Tubeworks at a trade show in either Florida or Louisiana. In the ensuing three months, Tubeworks mailed three advertisements to Asad at his address in Montana. The mailings prompted Asad to contact Tubeworks, and contract negotiations ensued.[1]

■ We conclude that when Tubeworks sent three pieces of literature to Asad at his Montana address, it purposefully availed itself of the privilege of doing business in Montana, *see Shute,* 897 F.2d at 381 (solicitation of business that leads to contract negotiation constitutes purposeful availment), and that it should reasonably have anticipated being haled into a Montana court, *see World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. 559. Moreover, but for Tubeworks' solicitations and the ensuing contract negotiations, Asad would not have suffered breach of contract damages. *See Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995) (claim arises out of forum-related activities if the injury would have occurred but for those activities). Finally, Tubeworks failed to present a compelling case that jurisdiction is unreasonable. *See Core–Vent Corp. v. Nobel Indus.,* 11 F.3d 1482, 1487 (9th Cir.1993)

---

1. In its dismissal order, the district court stated that Asad traveled to California to solicit Tubeworks' business. Although Tubeworks repeated the district court's statement several times in its brief on appeal, Tubeworks conceded at oral argument that it was not accurate.

(if court finds purposeful availment, defendant has burden to make compelling case that jurisdiction is unreasonable).

Accordingly, the district court had specific personal jurisdiction over Tubeworks.

### 2. Pioneer

The claims against Pioneer sound primarily in tort. In tort actions, a court may exercise jurisdiction over a defendant "whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state." *Roth*, 942 F.2d at 621 (citations and internal quotations omitted). Consequently, a plaintiff need only show: (1) an intentional action; (2) aimed at the forum state; (3) that caused harm the defendant should have anticipated would be suffered in the forum state. *Ziegler*, 64 F.3d at 474.

Asad alleged that Pioneer knowingly gave false information about Asad's credit history to Tubeworks over the telephone, and to two balloon artists at an annual balloons convention in Chicago. It is not determinative that the allegedly tortious communications did not occur in Montana. *See Bancroft*, 223 F.3d at 1087 (Georgia company subject to suit in California for sending letter to Virginia company that registered internet domain names challenging California company's use of trademark); *Panavision*, 141 F.3d at 1322 (Illinois resident subject to suit in California for registering corporate trademark as internet domain name to extort money from California trademark owner). Nor is it determinative who initiated contact. *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1259–60 (9th Cir. 1989) (jurisdiction in Arizona over Canadian residents who allegedly defamed known Arizona resident during telephone calls from Arizona to Canada). Rather, the crux of the inquiry is whether the defendant engaged in "express aiming," or "wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft*, 223 F.3d at 1087.

■ Under the facts as alleged, Pioneer deliberately spread false information about Asad, whom Pioneer knew to be a resident of Montana. Pioneer further knew that Asad, a sole proprietor conducting business from Montana, would suffer lost profits and diminished financial credibility in Montana, regardless of the ultimate destination of his exports. Thus, Pioneer should reasonably have anticipated being haled into court in Montana. *See World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559. Moreover, but for Pioneer's alleged dissemination of false information about Asad, third parties would not have ceased business dealings with Asad. *See Ballard*, 65 F.3d at 1500. Finally, Pioneer failed to present a compelling case that jurisdiction is unreasonable. *See Core–Vent*, 11 F.3d at 1487.

Accordingly, the district court had specific personal jurisdiction over Pioneer.

We do not reach Asad's contention that the district court erred by declining to rule on his motion for leave to amend the complaint before dismissing the action because we conclude that personal jurisdiction existed based on Asad's original complaint. We also do not address Asad's "Grievance," received on February 1, 2001, because the issue of proper service of district court documents is more appropriately raised, if at all, before the district court on remand.

REVERSED AND REMANDED.

RAWLINSON, Circuit Judge, dissenting.

RAWLINSON, Circuit Judge.

I respectfully dissent. The majority finds that the district court had specific

personal jurisdiction over Defendants Pioneer Balloon and Tubeworks, Inc. The district court, however, never addressed that issue. Instead, the district court, when dismissing Plaintiff Asad's complaint for lack of personal jurisdiction, made findings with respect to general personal jurisdiction only. Nothing in the record indicates Asad contended before the district court that Defendants were subject to specific personal jurisdiction. The record before us is, therefore, insufficiently developed to permit review of the specific personal jurisdiction issue.

As pointed out by the majority, the record before the district court contained certain facts which could possibly support specific personal jurisdiction over Defendants. However, the matter should be remanded to allow the district court to develop the factual record with respect to specific personal jurisdiction before that issue is reviewed by this Court. *See Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406, 1410 (9th Cir.1994)(vacating and remanding district court's order when district court did not consider the issue of personal jurisdiction and the factual record did not contain sufficient facts to decide the issue on appeal). Accordingly, I would vacate the district court's order and remand the matter for further factual findings.