Gary L. MORRIS, Plaintiff—Appellant,

v.

UNITED STATES OF AMERICA; et al., Defendants—Appellees.

No. 04–16195.

D.C. No. CV–03–03220–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Gary L. Morris appeals pro se the district court's order dismissing his action against St. Paul Pioneer Press, Deputy United States Marshal Calvin Meyer, and others, alleging defamation and conspiracy under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and various Minnesota statutes. The district court dismissed on grounds of lack of personal jurisdiction, untimeliness, and qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996) (lack of personal jurisdiction); *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004) (statute of limitations); *Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir. 2002) (qualified immunity). We may affirm on any ground supported by the record. *First Pac. Bank v. Gilleran,* 40 F.3d 1023, 1025 (9th Cir.1994). We affirm.

■ The district court properly dismissed St. Paul Pioneer Press and its re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

porter Bill Gardner and editor Walker Lundy for lack of personal jurisdiction because Morris failed to show that these defendants committed an act that was expressly aimed at California or should have anticipated that their acts would cause Morris harm in California. *See Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir.1995).

■ The district court properly dismissed Knight Ridder, Inc. because it is undisputed that Morris did not file his complaint against this defendant within two years of learning of the alleged defamation. *See* Mn. Stat. § 541.07 (two year statute of limitations for libel and slander); *see also Savage v. United States*, 450 F.2d 449, 451 (8th Cir.1971).

■ The district court did not abuse its discretion when it denied Morris leave to file a third amended complaint against Knight Ridder, St. Paul Pioneer Press, Bill Gardner, and Walker Lundy, because amendment would have been futile and the district court had previously permitted Morris to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

■ The district court properly dismissed Morris's claims against Janet Reno, John Marshall, the Minneapolis Supervising U.S. Marshall, and the Minneapolis Chief Deputy U.S. Marshal, because respondeat superior is inapplicable in a *Bivens* action. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991). To the extent Morris attempted to assert a *Bivens* claim against the United States and the U.S. Marshals Service, his attempt fails. *See FDIC v. Meyer*, 510 U.S. 471, 485–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that sovereign immunity

bars a *Bivens* action against the federal government or its agencies).

■ We need not decide whether the district court erred when it found that Deputy U.S. Marshal Meyer was entitled to qualified immunity. Because it is undisputed that Morris did not file his complaint against Meyer within two years of learning of Meyer's alleged defamation and the potential harm in which Morris was allegedly placed, his claims against Meyer are time-barred. *See* Mn. Stat. § 541.07; *see also Savage*, 450 F.2d at 451.

AFFIRMED.